OPINION
Defendant-appellant, Douglas S. Brant, appeals the February 22, 2001 entry of the Franklin County Municipal Court sentencing Brant to eighteen months probation. For the following reasons, we reverse.
In lieu of an evidentiary hearing on the motion to suppress, the parties entered into a written stipulation of the following facts. On August 18, 2000, at approximately 4:20 a.m., the Grove City Police Department received a telephone call from Tom Bunting, an employee of a White Castle Restaurant located at 1620 Stringtown Road in Grove City, Ohio. Mr. Bunting told the dispatcher that there was an individual in the drive-thru who appeared to be intoxicated. Mr. Bunting stated that he believed the driver was intoxicated because he was repeatedly honking his horn for ten minutes, his speech was very slow, and his shirt was on backwards and inside out. Mr. Bunting told the dispatcher that the individual was driving a blue vehicle with the license plate number AZL-1698. Officer D.B. Fraley was dispatched to the White Castle restaurant. He observed the vehicle described by Mr. Bunting leave the drive-thru area of the restaurant and pull off the parking lot. Officer Fraley followed the motor vehicle as it traveled westbound on Stringtown Road for approximately one-tenth to three-tenth of a mile. While Officer Fraley followed the vehicle, he observed no erratic driving or traffic offenses. After the vehicle turned onto I-71, Officer Fraley turned on his beacons, pulled the vehicle over, and identified Brant as the driver. Officer Fraley cited Brant and arrested him for operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19 (A)(1) and 4511.19(A)(3).
On August 21, 2001, Brant entered a not guilty plea. The case was subsequently assigned to Judge Ann Taylor. On September 25, 2000, Brant filed a motion to suppress the results of the chemical test. On January 30, 2001, the parties filed a stipulation of facts regarding Brant's motion to suppress evidence. The suppression issue before the court was whether Officer Fraley had a reasonable suspicion to stop Brant's vehicle. On February 8, 2001, the trial court denied Brant's motion and set the matter for jury trial on February 21, 2001. On February 21, 2001, Brant waived trial by jury, entered a no contest plea, was found guilty by the trial court, and sentenced to eighteen months probation. Brant filed this appeal from the trial court's February 8, 2001 entry denying his motion to suppress evidence and the trial court's February 22, 2001 entry finding him guilty and sentencing him to eighteen months probation, raising the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND THE SEIZURE OF MR. BRANT DID NOT VIOLATE THE FOURTH AMENDMENT, UNITED STATES CONSTITUTION OR ARTICLE I, § 14 OF THE OHIO CONSTITUTION.
In his sole assignment of error, Brant contends that the trial court erred when it held that the information provided by Mr. Bunting was sufficient enough to provide Officer Fraley with the requisite suspicion to stop Brant's vehicle. Brant argues that such a stop was unreasonable and violated his Fourth and Fourteenth Amendment rights. We agree.
The appellate standard of review of a trial court's decision on a motion to suppress is de novo. State v. Anderson (1995),100 Ohio App.3d 688, 691. However, our review of the facts looks at whether the trial court's ruling was supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594; Ornelas v. United States (1996), 517 U.S. 690, 699 (although on appeal the standard of review on determinations of reasonable suspicion and probable cause is de novo, the reviewing court should review the trial court's factual findings only for clear error, giving due weight to the trial court as to the inferences drawn from those facts). While this court is "bound to accept the trial court's findings of fact which are supported by competent, credible evidence, we must independently determine as a matter of law, without deference to the trial court's conclusions, whether the findings of fact satisfy the appropriate legal standard." State v. Goins (Oct. 22, 1998), Franklin App. No. 98AP-266, unreported; State v. Klein (1991), 73 Ohio App.3d 486.
Here, the trial court had to determine whether or not Officer Fraley possessed a sufficient legal basis to conduct an investigative stop of Brant's vehicle. It is well established that the Fourth Amendment is designed to protect personal privacy and property rights against unreasonable searches and seizures by the state. Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief investigative stop. Terry v. Ohio (1968),392 U.S. 1. A seizure occurs under the Fourth Amendment "whenever a police officer accosts an individual and retains his freedom to walk away." Id. at 16. To justify a stop under Terry, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. The Ohio Supreme Court has further clarified the specific and articulable standard in State v. Freeman (1980),64 Ohio St.2d 291. The court concluded that "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." Id. at paragraph one of the syllabus. The standard for reviewing such police conduct is an objective standard. Terry, at 21-22. When an officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion into a protected area, a law enforcement officer may make a brief investigatory stop of a suspect. State v. Adams (Sept. 15, 1989), Montgomery App. No. 11608, unreported. In that event, facts or tangible evidence gathered from the stop are not the products of an unreasonable search or seizure. Terry, supra.
In this case, we must determine if Officer Fraley had a reasonable suspicion, based on articulable facts, to stop Brant's vehicle. Brant argues that Officer Fraley lacked sufficient information to justify a Terry stop. In particular, Brant argues that the officer had no personal knowledge which would lead him to believe that Brant was violating the law. Specifically, Brant contends that the facts provided by Mr. Bunting, even if known to Officer Fraley, were not sufficient enough to demonstrate a reasonable and articulable suspicion that Brant was engaged in unlawful behavior. We agree.
This court has previously held that "the simple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more, will not produce reasonable suspicion for an investigatory stop." State v. Ramsey (Sept. 20, 1990), Franklin App No. 89AP-1298, unreported. "A tip which standing alone would lack sufficient indicia of reliability may establish reasonable suspicion to make an investigatory stop if it is sufficiently corroborated through independent police work." Id; Adams v. Williams (1972), 407 U.S. 143,147 (when a tip lacks an indicia of reliability, further investigation is required before an investigatory stop of the suspect's vehicle will be authorized).
The Supreme Court of Ohio, in Maumee v. Weisner (1999),87 Ohio St.3d 295, identified three types of informants: (1) the anonymous informant; (2) the known informant (someone from whom the police have previously received reliable tips); and (3) the identified citizen informant. Id. at 300. Mr. Bunting is known as an identified citizen informant. Many Ohio appellate courts consider identified citizen informants to be highly reliable and credible. "Information from an ordinary citizen who has personally observed what appears to be criminal conduct carries with it indicia of reliability and is presumed to be reliable." State v. Loop (Mar. 14, 1994), Scioto App. No. 93CA2153, unreported, quoting State v. Carstensen (Dec. 18, 1991), Miami App. No. 91-CA-13, unreported. Under the totality of the circumstances, a tip from an identified citizen will establish reasonable suspicion if it is sufficiently reliable. Ramsey, supra. Reasonable suspicion is dependant upon both the content of the tip and its degree of reliability. Alabama v. White (1990), 496 U.S. 325.
Careful review of the record indicates that although the tip was reliable, it lacked sufficient information to provide reasonable suspicion that Brant was operating a motor vehicle while under the influence of alcohol. Mr. Bunting provided the Grove City Police Department dispatcher with the color of Brant's vehicle along with the license plate number. Mr. Bunting also indicated that Brant was honking his horn for ten minutes, his shirt was on backwards and inside out and his speech was very slow. While it is not clear if the dispatcher relayed all of this information to Officer Fraley, Mr. Bunting nonetheless failed to indicate that he witnessed any traffic violations, unlawful behavior, or evidence of impaired driving. Additionally, even though Officer Fraley attempted to further investigate the tip, his independent police work proved to be fruitless. If Officer Fraley had observed erratic driving, then sufficient indicia of reliability would have been present to conduct the investigatory stop. Under the totality of the circumstances, Officer Fraley lacked a reasonable and articulable suspicion to stop Brant's vehicle. Ramsey, supra. Since Officer Fraley's personal observations failed to confirm Mr. Bunting's belief that Brant was intoxicated, we believe that Brant's Fourth Amendment rights were violated and, as such, Brant's sole assignment of error is well-taken and is sustained.
For the foregoing reasons, appellant's sole assignment of error is sustained and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings.
BOWMAN and PETREE, JJ., concur.